VERNON VILLAGE, INC., ET AL. *v.* LESLIE CAROTHERS,
COMMISSIONER OF ENVIRONMENTAL
PROTECTION, ET AL.
(13923)

PETERS, C. J., GLASS, SANTANIELLO, F. X. HENNESSY and MENT, Js.

Argued November 6, 1990—decision released January 15, 1991

*John L. Giulietti,* for the appellants (plaintiffs).

*John M. Looney,* assistant attorney general, for the appellee (named defendant).

*Mark J. Zimmermann,* with whom were *Joel M. Fain* and, on the brief, *Cynthia J. Rummel,* for the appellees (defendant Precision Plating Corporation et al.).

GLASS, J. The dispositive issue in this case concerns the applicability and the effective date of Public Acts 1988, No. 88-317 (act), which substantially revised chapter 54 of the General Statutes, the Uniform Administrative Procedure Act (UAPA). Particularly, our focus is upon the provisions of the act that extend the time period for filing an administrative appeal from pollution abatement orders issued by the commissioner of the department of environmental protection (DEP). The trial court determined that the act was inapplicable to the plaintiffs' administrative appeal, and accordingly dismissed the appeal in view of the plaintiffs' failure to appeal from the challenged pollution abate-

ment orders within the required time period under the law in effect prior to its revision by the act. We affirm the judgment of the trial court.

The underlying dispute arose from a determination by the commissioner of the DEP (commissioner) that the respondents, Precision Plating Corporation and Warren J. Gottier, had polluted state ground waters with the chemical chromium while operating an industrial park located on Hartford Turnpike in Vernon. On the basis of this determination, the commissioner issued pollution abatement orders to the respondents on February 14 and March 12, 1986, directing them to investigate and take remedial action to minimize or eliminate the chromium contamination and to supply certain properties located on Hartford Turnpike with potable drinking water.

Within thirty days of the issuance of the orders, the respondents requested a hearing before the commissioner. The commissioner conducted hearings on July 26 and August 31, 1989, at which the respondents and the DEP appeared as parties. In addition, Anita, John and James Giulietti, Joanne Giulietti Hollis (Giuliettis), Vernon Village, Inc., and High Manor Mobile Home Park, all of whom own property located on Hartford Turnpike, participated in the hearings as intervenors. On September 29, 1989, the commissioner mailed her final decision to all of the parties. Forty days later, on November 8, 1989, the plaintiffs, the Giuliettis and Vernon Village, Inc., filed an administrative appeal challenging the decision in the Superior Court.[1]

The defendants, including the respondents and the named defendant, the commissioner,[2] promptly moved

---

[1] Although the plaintiffs' appeal was dated October 30, 1989, it was not filed in the Superior Court until November 8, 1989.

[2] The DEP, High Manor, Inc., George Van Ostrand and Elsie Patton were also named as defendants in the administrative appeal.

to dismiss the plaintiffs' appeal for lack of subject matter jurisdiction. In their motion, the defendants claimed that the plaintiffs had failed to file their appeal within fifteen days of the issuance of notice of the commissioner's decision as required by General Statutes § 22a-437[3] as it existed prior to its revision by the act.[4] The plaintiffs argued in response that their appeal was governed by the act, and that § 30 (a)[5] of the act repealed § 22a-437, and provided that appeals from pollution abatement orders must be filed in accordance with § 23 (c)[6] of the act. Under § 23 (c), the time period for appealing from a final decision of an agency is forty-five days. Since the plaintiffs had filed their appeal before the expiration of the forty-five day period, they claimed that the appeal was timely under the act.

[3] General Statutes § 22a-437, as it read prior to its amendment by Public Acts 1988, No 88-317, provides in pertinent part: "APPEAL. (a) Any person who or municipality which is aggrieved by . . . any order of the commissioner . . . to abate pollution may, after a hearing by the commissioner as provided for in section 22a-436 or subsection (b) of section 22a-430, appeal from the final determination of the commissioner based on such hearing to the superior court . . . within fifteen days after the issuance of such final determination."

[4] The defendants also claimed that the plaintiffs had failed to serve the appeal in accordance with General Statutes § 52-64.

[5] Public Acts 1988, No. 88-317, § 30 (a) (codified as General Statutes § 22a-437 [a]), provides in pertinent part: "Section 22a-437 of the general statutes is repealed and the following is substituted in lieu thereof: (a) Any person or municipality which is aggrieved by . . . any order of the commissioner . . . to abate pollution may, after a hearing by the commissioner as provided for in section 22a-436 or subsection (b) of section 22a-430, appeal from the final determination of the commissioner based on such hearing to the superior court as provided in chapter 54, as amended by this act, and sections 8, 11, 13, 15, 18, 20, 21 and 22 of this act. . . ."

[6] Public Acts 1988, No. 88-317, § 23 (c) (codified as General Statutes § 4-183 [c]), provides in pertinent part: "Within forty-five days after mailing of the final decision under section 4-180, as amended by section 17 of this act, or if there is no mailing, within forty- five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall . . . file the appeal with the clerk of the superior court . . . ."

The trial court found that, by its terms, the act applied only to agency proceedings that had commenced on or after July 1, 1989, and had no retroactive effect. The court then determined that the act was inapplicable to the plaintiffs' appeal, thereby implicitly finding that the agency proceedings involved in the matter had commenced before July 1, 1989. Consequently, the court concluded that the plaintiffs' appeal was governed by § 22a-437 as it existed before its revision by the act, and since the appeal had been filed after the expiration of the appeal period under that statute, the court dismissed the appeal as untimely.

The plaintiffs appealed to the Appellate Court, and we transferred the appeal to this court in accordance with Practice Book § 4023. Although the plaintiffs have raised a number of claims for our review, they acknowledge that the dispositive issue on appeal is whether the trial court properly concluded that the act was inapplicable to their administrative appeal. Indeed, the plaintiffs concede that if the act "does not apply to the instant case . . . the trial court's decision should be sustained." We agree that the issue of the applicability of the act dictates the outcome of this appeal, and therefore, we need not consider any of the other issues raised by the plaintiffs.[7]

The issue before us is a narrow one. If the act applies to the plaintiffs' administrative appeal, the appeal was timely filed within the forty-five day appeal period provided for under §§ 23 (c) and 30 (a) of the act and should

[7] The issues that we decline to address are whether the trial court properly concluded: (1) that General Statutes § 52-64 precluded service of an administrative appeal upon state agencies by certified mail service, return receipt requested, pursuant to subsections (c) and (d) of General Statutes § 4-183; (2) that the defendants had met their burden of proving that the plaintiffs had improperly served the defendants; and (3) that the defendants had met their burden of proving that the commissioner's orders were "proceedings" within the meaning of §§ 24 and 107 of the act by considering unsworn statements of fact outside of the record.

not have been dismissed. If the act is inapplicable to the appeal, the trial court properly dismissed the appeal since it was filed beyond the expiration of the fifteen day appeal period in General Statutes § 22a-437 prior to its revision by the act.

The act is a comprehensive piece of legislation that contains 107 sections. Sections 24 and 107 pertain to the applicability and the effective date of the act. Section 24 (a) provides: "This chapter, as amended by this act, and sections 8, 11, 13, 15, 18, 20, 21 and 22 of this act apply to all agency proceedings commenced on or after the effective date of this act. Each agency proceeding commenced before the effective date of this act is governed by the law in effect when the proceeding was commenced." The final section of the act, § 107, provides: "This act shall take effect July 1, 1989, and shall be applicable to all agency proceedings commenced on or after such date."

The plaintiffs advance two alternative arguments in support of their claim that the act applies to their appeal. First, they assert that the first clause of § 107 deems the provisions of the act concerning appellate review of administrative decisions applicable to all appeals filed on or after July 1, 1989, without regard to the date that the underlying agency proceedings had commenced. In the alternative, the plaintiffs contend that because the hearings with respect to the commissioner's orders were agency proceedings that had commenced after July 1, 1989, the commencement of those hearings triggered the application of the act. We will consider these alternative claims in sequence.

I

The plaintiffs claim that the first clause of § 107, rather than § 24 (a), governs the application of the provisions of the act concerning judicial review of administrative decisions, and deems these provisions

immediately applicable on July 1, 1989. According to the plaintiffs, §§ 107 and 24 (a) should be construed as independent provisions, each specifying a different standard for determining the application and the effective date for certain of the other provisions in the act. The claimed distinction between these sections is premised upon the fact that § 24 (a) refers to agency proceedings, while the first clause of § 107 includes no such reference. The plaintiffs reason that because the definition of the word "agency" in the UAPA specifically excludes courts; see General Statutes § 4-166 (1); the term "agency proceedings" in § 24 (a) cannot encompass the "court proceedings" involved in an administrative appeal. Thus, the plaintiffs assert that the first clause of § 107 independently governs all of the provisions of the act concerning appellate review of administrative decisions, and renders them immediately effective on July 1, 1989, without regard to the date that the underlying agency proceedings had commenced in a particular case. Accordingly, the plaintiffs conclude that aside from the date that the agency proceedings had commenced in this case, § 23 (c) of the act became effective on July 1, 1989, and their subsequent appeal was timely filed under that section.

We are unpersuaded that § 24 (a) and the first clause of § 107 were designed to provide different standards for determining the application and the effective date of various provisions of the act. Section 24 (a) provides: *"This chapter, as amended by this act . . .* [applies] to all agency proceedings commenced on or after the effective date of this act." (Emphasis added.) Section 107 provides: *"This act,"* which undoubtedly amends chapter 54, "shall take effect July 1, 1989 . . . ." (Emphasis added.) From the emphasized language, it is readily apparent that both sections were intended to govern the application and the effective date of all of the other provisions of the act. Viewing the sections

as independent provisions would therefore lead to the anomalous result that under § 107, all of the provisions of the act are immediately effective on July 1, 1989, without regard to the date that the underlying agency proceedings had commenced, and at the same time, under § 24 (a), all of the provisions of the act are inapplicable in cases where the underlying proceedings had commenced before July 1, 1989.

The illogical consequence of the plaintiffs' position demonstrates that the legislature could not have intended § 24 (a) and the first clause of § 107 to provide wholly separate determinants for the application and the effective date of the act. See *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 593, 522 A.2d 771 (1987). In discerning what the legislature did intend with respect to the application and the effective date of the act, we cannot limit our inquiry, as the plaintiffs do, to a consideration of the language of the first clause of § 107 in isolation. See *In re Willington Convalescent Home, Inc.,* 850 F.2d 50, 53 (2d Cir. 1988). "The process by which legislation becomes binding law is not a piecemeal one; statutes are not passed sentence by sentence, or clause by clause. It follows that a court's interpretation of a single provision necessitates consideration of the statute in its entirety, deriving the meaning of a part from the whole of the words and phrases that the legislature declared to be the law." *Little People's School, Inc.* v. *United States,* 842 F.2d 570, 573 (1st Cir. 1988). Thus, we must read the act as a whole, with a view toward harmonizing its separate provisions in order to render an overall reasonable interpretation. See *Mahoney* v. *Lensink,* 213 Conn. 548, 556, 569 A.2d 518 (1990); *Shortt* v. *New Milford Police Department,* 212 Conn. 294, 305, 562 A.2d 7 (1989); see also *Natural Resources Defense Council* v. *United States Environmental Protection Agency,* 822 F.2d 104, 113 (D.C. Cir. 1987).

An examination of the language of §§ 24 (a) and 107 reveals that they are interdependent provisions, each deriving its full significance from the other. For example, the first sentence of § 24 (a), which is virtually identical to the second clause of § 107, refers to the effective date of the act without explicitly stating that date. The operation of these provisions cannot be determined without reference to the first clause of § 107, which supplies the omitted effective date. Taken together, therefore, §§ 24 (a) and 107 provide a single standard for determining the application and the effective date of the act in all cases. That standard is tied to the date that the underlying agency proceedings commenced, and in cases where such proceedings had commenced before July 1, 1989, the effective date of the act, the act is inapplicable.

The codification of §§ 24 (a) and 107 as General Statutes 4-185 (a), entitled "Application of Chapter," achieves this precise result. Section 4-185 (a) provides: "This chapter applies to all agency proceedings commenced on or after July 1, 1989. Each agency proceeding commenced before July 1, 1989, is governed by the law in effect when the proceeding was commenced." Clearly, this section is an amalgam of §§ 24 (a) and 107 of the act; its basic structure is drawn from § 24 (a) and the second clause of § 107, and the statement of the effective date is drawn from the first clause of § 107. Had the legislature intended that the first clause of § 107 independently govern the application of the appeal provisions of the act, the legislature would have ensured that the first clause of § 107 was separately codified or otherwise distinctly preserved in the General Statutes.[8]

---

[8] See, e.g., Model State Administrative Procedure Act, 1981 Act, § 1-108, 15 U.L.A. 20, providing: "This Act takes effect on [date] and does not govern proceedings pending on that date. This Act governs all agency proceedings, *and all proceedings for judicial review or civil enforcement of agency*

We are likewise unpersuaded that the legislature intended § 23 (c) of the act to be immediately applicable on July 1, 1989, by virtue of the term "agency proceedings" embodied in § 24 (a) and the second clause of § 107. Despite the limited definition of the word "agency" in General Statutes § 4-166 (1), these sections explicitly state that their application extends to all of the provisions of the act and chapter 54, which certainly include the appeal provisions in § 23 (c). Moreover, construing §§ 24 (a) and 107 of the act as limited in application to proceedings literally before an agency would completely eviscerate the act, because after such proceedings were completed, the act would be inapplicable to any subsequent court proceedings.

Although we have recognized that ordinarily, " '[w]hen legislation contains a specific definition, the courts are bound to accept that definition' "; *Johnson* v. *Manson,* 196 Conn. 309, 316, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986); *International Business Machines Corporation* v. *Brown,* 167 Conn. 123, 134, 355 A.2d 236 (1974); we have expressed a willingness to depart from this general rule when reading the language of a statute literally would produce an absurd result inconsistent with the intent of the legislature. See *Caulkins* v. *Petrillo,* 200 Conn. 713, 718, 513 A.2d 43 (1986); *Sienkiewicz* v. *Sienkiewicz,* 178 Conn. 675, 683, 425 A.2d 116 (1979); *Miller* v. *Western Electric Co.,* 310 Md. 173, 187, 528 A.2d 486 (1987); accord *Stamford Ridgeway Associates* v. *Board of Representatives,* 214

*action, commenced after that date. . . ."* (Emphasis added.) The text of § 107 of the act does not resemble the text of the modern Model Act, but rather, it is similar to that of the 1961 Model Act, which provides: "This Act takes effect . . . and (except as to proceedings then pending) applies to all agencies and agency proceedings not expressly exempted." Model State Administrative Procedure Act, 1961 Act, § 19, 15 U.L.A. 553; see historical note, Connecticut General Statutes Annotated § 4-185.

Conn. 407, 427, 572 A.2d 951 (1990). In such cases, "it is appropriate for this court to construe the statute . . . in furtherance of the legislature's purpose and objectives." *Sienkiewicz* v. *Sienkiewicz,* supra. In light of the terms "this act" and "this chapter" in §§ 24 (a) and 107, and the absurd result that would follow from a narrow construction of the term "agency proceedings," it is clear that the legislature intended that the appeal provisions of the act be applicable and effective in the same manner as all of the other provisions of the act. We conclude, therefore, that a departure from the literal meaning of the term "agency proceedings" is warranted in this case in order to implement the manifest intent of the legislature. See *City Savings Bank* v. *Lawler,* 163 Conn. 149, 157, 302 A.2d 252 (1972).

## II

Having determined that all of the provisions of the act, including its appeal provisions, apply only in cases where the underlying agency proceedings had commenced on or after July 1, 1989, we must consider the plaintiffs' alternative claim that the agency proceedings in this case had commenced after that date. As previously noted, the plaintiffs contend that the hearings with respect to the commissioner's orders were "agency proceedings" that had commenced after July 1, 1989, and triggered the application of the act from that point forward. We disagree.

The plaintiffs have overlooked a crucial, albeit implicit, factual finding of the trial court that the agency proceedings involved in the matter before the court had commenced before July 1, 1989. In addition, the commissioner determined in her final decision that the agency proceedings had commenced before that date, specifically identifying the dates of commencement as February 14 and March 12, 1986, the dates that the pol-

lution abatement orders had been issued.[9] Presumably, the commissioner based this determination upon a DEP regulation providing that "[a]n administrative action of the department commences when (1) an application or petition is received by the department, or (2) the department issues an order."[10] Regs., Conn. State Agencies § 22a-3a-1 (a) (1) (B) (3). We conclude that in this case, in accordance with the DEP regulations, the agency proceedings had commenced on the date that the commissioner first took formal action against the respondents by issuing the pollution abatement orders. The plaintiffs have offered no persuasive reason why we should ignore the above findings, or why we should view each fragmented subproceeding within an agency proceeding as triggering the application of the act. Indeed, the act itself suggests that hearings are merely component proceedings within a larger, more inclusive agency proceeding commencing before the hearing stage.[11]

We conclude, therefore, that the commencement of the agency proceedings determinative of the application of the act in this case had occurred when the commissioner issued the pollution abatement orders to the

---

[9] In her final decision, the commissioner found: "These proceedings commenced with the issuance of the orders on February 14 and March 12, 1986, and consequently, the hearing was conducted in accordance with the statutory provisions of the [UAPA] in existence prior to July 1, 1989."

[10] An "order" is defined in the DEP regulations as "all or part of any department order, or of any revocation, modification or suspension of a license issued by the department, or of a notice of violation issued under section 22a-6b of the General Statutes as amended, but it does not include any other notice of violation or the issuance or denial of a license." Regs., Conn. State Agencies § 22a-3a-1 (a) (1) (A).

[11] See Public Acts 1988, No. 88-317, § 11 (codified as General Statutes § 4-176e) (referring to "a hearing in an agency proceeding"), and § 10 (g) (codified as General Statutes § 4-176 [g]) (referring to "a hearing in a proceeding for a declaratory ruling"), and § 22 (codified as General Statutes § 4-178a) (referring to "a hearing in a contested case or in a declaratory ruling proceeding").

respondents in 1986. Since the agency proceedings had commenced before July 1, 1989, the effective date of the act, the trial court properly concluded that the act was inapplicable to the plaintiffs' appeal, and that the plaintiffs were required to file their appeal within the fifteen day period under General Statutes § 22a-437 as it existed prior to its revision by the act.

Appeals to courts from administrative agencies exist only under statutory authority. *Charles Holdings, Ltd.* v. *Planning & Zoning Board of Appeals,* 208 Conn. 476, 479, 544 A.2d 633 (1988); *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 (1972). " 'A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.' " *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356, 514 A.2d 749 (1986); *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 6, 363 A.2d 1386 (1975). Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 322, 497 A.2d 48 (1985); *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979). It is undisputed that the plaintiffs failed to file their appeal within the fifteen day period under General Statutes § 22a-437 as it existed prior to its revision by the act. Accordingly, we hold that the trial court properly dismissed the appeal for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other justices concurred.