[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Statement of the Case
This is an appeal from the Freedom of Information Commission's (the Commission) order of February 23, 1990 finding that the plaintiff, Connecticut Department of Public Safety, Division of State Police (DPS), had violated the Freedom of Information Act, specifically Conn. Gen. Stat.1-19 (a). The decision ordered the plaintiff to act in strict compliance with 1-19 (a) in the future.
Facts
Mr. Peruta, the complainant before the Commission, worked for Connecticut News Services (CNS). Return of Record #6, p. 3. CNS filmed accident scenes and then contacted the people involved and asked them if they would like a copy of the film. ROR #6 p. 3.
The parties stipulated before the Commission to the following facts. R#6, p. 2. On April 3, 1989, the complainant made written and oral requests to the DPS for copies of certain accident reports. By letter of complaint to the Commission dated April 5, 1989, the complainant claimed that his requests had been denied and that he had been required to furnish names of the individuals involved in the accident or the case number of the report. Further, it was stipulated before the Commission that all requests for such copies must be made at the Report and Record Division, located in Meriden, that a separate request was required for cash report, and that an individual was limited to five "walk up" requests in one day.
Mr. Peruta had made his original request for access to the records at the State Police Troop H barracks in Hartford and was told that all the records were maintained in Meriden. ROR #6, p. 4. Mr. Peruta had seven requests for copies of records. ROR #6, p. 7. Because the policy limits "walk up" requests is five per day, Mr. Peruta, after obtaining the necessary case number information from Troop H, received copies of five of the records. ROR #6, p. 7. The other two copies were mailed to him at some later date. ROR #6, pp. 9-10. It was also DPS policy to require an individual to fill out certain forms to obtain copies of records. ROR #6, pp. 18-19.
Mr. Peruta complained, by letter dated April 5, 1989, to the Commission that the DPS was denying him access to public records. The Commission held a hearing on August 29, 1989 wherein the above facts were found. The Commission then CT Page 1620 concluded in its Final Decision dated February 23, 1990 that plaintiff had violated Conn. Gen. Stat. 1-19 (a) by denying access to the accident reports at the individual Troop barracks. ROR #8, Final decision of F.O.I.C., par. 8. The Commission also found that plaintiff violated the statute by requiring Mr. Peruta to apply in writing to inspect the records. ROR #8, Decision, par. 16. Following the Commission's final decision, plaintiff appealed for a review of the decision in this court.
Jurisdiction
An appeal from an administrative agency is available only when the statute granting such appeal is strictly complied with. Tarnapol v. Conn. Siting Council, 212 Conn. 157, 164-65
F(1989). Conn. Gen. Stat. 1-21i(d) states that a person aggrieved by a decision of the Commission "may appeal therefrom in accordance with the provisions of section 4-183." Conn. Gen. Stat. 4-183 (a) states that a person "who is aggrieved by a final decision" of an agency may appeal such decision to the Superior Court.
Strict compliance with Conn. Gen. Stat. 4-183 means that to appeal an adverse decision of an administrative agency a party must have been aggrieved by such decision. CBIA v. CHHC, 214 Conn. 726, 729 (1990.) "In appeals pursuant to1-21i(d). We have translated these general principles into a twofold test for aggrievement that requires a showing of: (1) a specific personal and legal interest in the subject matter of the FOIC decision; and (2) a special and injurious effect on this specific interest." Board of Pardons v. Freedom of Information Commission, 210 Conn. 646, 649 (1989) (citations omitted). Conn. Gen. Stat. 121k(b) makes noncompliance with an order of the Commission a class B misdemeanor, "A genuine likelihood of criminal liability or civil incarceration is sufficient to confer standing. Because the Freedom of Information Act makes noncompliance with an FOIC order a class B misdemeanor. . . the individual members of the board [from whom information was sought] have a `specific and personal' interest in the validity of such an order." Id. at 650 (citation omitted). In the instant case, the Commission ordered the State Police to fully comply with its decision in the future. Therefore, under the reasoning of Board of Pardons, the plaintiff has demonstrated aggrievement.
Discussion
The scope of judicial inquiry on an administrative appeal is limited by both statute and case law. Conn. Gen. Stat. 4-183 was amended by P.A. 88-317 which substantially CT Page 1621 altered its wording and ordering of provisions. The changes only applied to agency proceedings commenced on or after July 1, 1989. See Vernon Village, Inc. v. Carothers, 217 Conn. 130,140 (1991). The proceedings in the present case commenced before July 1, 1989 and therefore, the previous version of Conn. Gen. Stat. 54-183 applies. See id. at 142. It states that
 The court shall not substitute its judgment for that of the agency as to the weight of evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial guidance on the whole record; or (6) arbitrary and capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Conn. Gen. Stat. 4-183 (9) (rev'd to 1989).
The Supreme Court has stated that it is "axiomatic that the trial court may not substitute its judgment for that of the agency." Cos Cob Volunteer Fire Co. No. 1, Inc. v. FOIC,212 Conn. 100, 105 (1989). The court's duty in reviewing an agency's decision is only to determine, in light of the evidence, whether the agency acted unreasonably, arbitrarily, or if it abused its discretion. Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489, 496 (1986). Thus, the determination to be made is whether the record before the agency reasonably supports the action taken by the agency. Hospital of St. Raphael v. Commission on Hospitals and Health Care, 182 Conn. 314, 318 (1980).
Plaintiff argues that its policies do not violate the statute but are well within proper procedure. The applicable statute provides:
Except as otherwise provided by any CT Page 1622 federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular business hours or to receive a copy of such records or to receive a copy of such records in accordance with the provisions of section 1-15. Any agency rule of regulation or part thereof, that conflicts with the provisions of this subsection or diminishes or curtails in any way the right granted by this subsection shall be void. Each such agency shall keep and maintain all public records in its custody at its regular off ice or place of business in an accessible place
Conn. Gen. Stat. 1-19 (a) (rev'd to 1989).
The Commission has determined that the motor vehicle accident reports are public records within the meaning of the statute. ROR #8, Decision, par. 7. Plaintiff does not deny that the reports are public records but frames the issue in its memorandum as "whether the Freedom of Information Commission [can mandate] how and where the agency provides the public with access to these reports."
The Commission claims that the policy of central dissemination violates Conn. Gen. Stat. 1-19 (a) because this policy "diminishes or curtails" the right of the public to view these records. If an individual wants a copy of an accident report, the only place that person can obtain such a copy is at Meriden. ROR #8, Decision par. 5. Because it takes the Meriden office 7-10 days to receive, index and file copies of accident reports, the Commission maintains that this lag time diminishes the public's right of prompt access.
Conn. Gen. Stat. 1-19 (a) requires that records be maintained at the "regular office or place of business in an accessible place." Conn. Gen. Stat. 1-19 (a). Plaintiff argues in its memorandum that it has not violated this section because the "State Police's `regular office or place of business' is the Reports and Records Division in Meriden." The Commission, however, has taken the view that the individual barracks are regular places of business and therefore, not to allow inspection at those places violates Conn. Gen. Stat.1-19 (a). CT Page 1623
Plaintiff also argues in its memorandum that centralization of dissemination is necessary because of the "complex, and sometimes confusing statutory provisions governing the disclosure of such records." Plaintiff cites statutory example where certain records are prohibited from being disclosed to the public, and certain instances where otherwise disclosable records are prohibited from being disclosed. Therefore, the plaintiff argues that a central location which is "staffed with personnel who are trained to respond to requests for disclosure appropriately and in accordance with the law" is necessary. The plaintiff argues that to require otherwise would increase the likelihood that documents prohibited from being disclosed would be disclosed to the public.
In its memorandum, the Commission points out that such concerns are addressable in other cases. Plaintiff admits that accident reports are public records, and thus always disclosable. The Commission therefore maintains that cases dealing with other records might be decided differently, i.e. central dissemination might be appropriate. But this appeal only addresses accident reports. As the Commission states in its memorandum, "any State Trooper can readily recognize and copy [an accident report] without danger of disclosing sensitive or confidential information."
The plaintiff also argues that the Commission erred in finding that plaintiff had violated Conn. Gen. Stat. 1-19 (a) by requiring Mr. Peruta to supply a written request to inspect documents. The Commission maintains that Conn. Gen. Stat.1-19 (a) and 1-15 mean that one who wants a copy of a record may be required to submit a written application. But it is submitted that no such requirement is evident for the right to inspect a record. The Commission argues that the statutes clearly state that a person may be required to submit a written application for copies but that Conn. Gen. Stat. 1-13 (a) states that "every person shall have the right to inspect such records promptly." Therefore, the Commission argues that a person cannot be required to submit a written application to inspect a record.
The plaintiff argues that there is nothing in the statute which prohibits an agency from requesting or requiring a person to submit a written request to inspect a document. Further, because accident reports are only indexed according to case number and the parties' names, there are practical reasons for requiring such written requests. But the Commission argues that although there is nothing which prohibits the agency from requiring the information necessary CT Page 1624 to locate the records, the statutes do prohibit the agency from requiring the information in writing. Thus, the Commission argues that the agency can keep its own record of information that is furnished, but cannot compel the person to submit a written application.
The above issues involve the Commission's interpretation of applicable statutes. The parties essentially agree to the facts above, but differ as to how Conn. Gen. Stat. 1-19 (a) should be applied to those facts. There are no prior cases which interpret Conn. Gen. Stat. 1-19 as it applies to the instant case. Nor are there any prior instances of the Commission's interpretation of Conn. Gen. Stat. 1-19 in this area.
Therefore, the issues are questions of statutory construction. And "it is the well established practice of this court to `accord great deference to the construction given [a] statute by the agency charged with its enforcement.'" Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489,496 (1986), quoting Corey v. Avco-Lycoming Division,163 Conn. 309, 326 (1972). Under Conn. Gen. Stat. 1-21j(d), the Commission is charged with enforcing Conn. Gen. Stat. 1-15
and 1-19 (a).
The first issue essentially revolves around whether "prompt access" from the "regular place of business in an accessible place" is achieved by the plaintiff's policy of central dissemination. At least as to the issue of accident reports, the Commission's interpretation of "prompt access" should be affirmed. The facts indicate that a person must wait7-10 days after the accident to obtain a copy of the report, and must drive to Meriden to do so. ROR #6, pp. 31-32. This is neither prompt nor accessible, as in the example the Commission referred to where a resident of Danielson must find the time during normal business hours to drive the 100 miles to Meriden. This interpretation given the statute by the Commission is not clearly erroneous, an abuse of discretion, or arbitrary and capricious and the Commission's finding should be affirmed.
The issue of whether a person can be required to submit a written application also involves interpretation of statutes. The Commission's interpretation of the interrelationship of Conn. Gen. Stat. 1-15 and 1-19 (a) should also be accorded great deference because it is charged with the enforcement of both provisions. Conn. Gen. Stat. 1-15 provides that any person applying in writing "shall receive . . . [a] copy of any public record." Conn. Gen. Stat. 1-19 (a) states that "every person shall have the right to inspect such records promptly . . . CT Page 1625 or to receive a copy of such records in accordance with the provisions of section 1-15."
The Commission interprets this cross referencing to mean that one can receive a copy of a record by applying in writing under Conn. Gen. Stat. 1-15, or by just requesting to inspect a record under Conn. Gen. Stat. 1-19 (a). The Commission's position is that if the legislature intended to require written requests to inspect, it clearly could have so provided because it mandated that procedure for copies of records. Therefore the Commission believes that the statute prohibits the requirement of written requests to inspect records. This Court, because of the deference given to an agency interpreting a statute it is charged with enforcing, affirms the Commission's decision. The Commission's decision is not clearly erroneous, an abuse of discretion, of arbitrary and capricious.
Plaintiff's third argument is that the Commission erred in concluding that it had violated Conn. Gen. Stat. 1-19 (a) for failing to provide "prompt" access because Mr. Peruta had to wait "approximately one to two months" to receive two copies of reports. ROR #8. Decision, Par. 17. Plaintiff argues that this conclusion is not supported by the record. The Commission argues that it would be impermissible for the court to review the record and then substitute its judgment for the Commission's.
On this issue, the record supports the Commission's finding. While there is some confusion in Mr. Peruta's testimony regarding when he received the final two copies of accident reports; ROR #6, pp. 8-13, 40-43; "a court must defer to the agency's assessment of the credibility of the witnesses and to its right to believe of disbelieve the evidence presented by any witness." Connecticut Light and Power v. DPUC, 21b Conn. 627, 640 (1990). "[A]n agency's factual and discretionary determinations are to be afforded considerable weight by the courts." Lieberman v. Board of Labor Relations,216 Conn. 253, 263 (1990). Under this standard of review, the agency's determination was not clearly erroneous and therefore must be affirmed.
STEINBERG, J.