[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Nancy Lucena, as best friend for Lucia Oliveira, appeals a decision of the defendant Department of Income Maintenance (Department), granting in part and denying in part plaintiff's application for Medicaid. The Department acted pursuant to General Statutes 17-82d and its Uniform Policy Manual (UPM). The plaintiff appeals pursuant to General Statutes 17-2b(b) and 4-183. The court finds the issues in favor of the defendant Department.
The following facts are undisputed. The plaintiff, CT Page 1176 Nancy Lucena, is the daughter and attorney-in-fact for Lucia Oliveira and has acted for Oliveira in obtaining Title XIX medical assistance benefits (Medicaid). Lucena resides in New York, and Oliveira resides at Darien Convalescent Center in Darien, Connecticut. Oliveira suffers from Alzheimers disease and has been a patient at Darien Convalescent Center since June 11, 1987. She is unable to manage her own affairs.
The Department administers the joint federal-state medical assistance program known as Medicaid, authorized under Title XIX of the United States Social Security Act and its regulations.
On December 22, 1987, the plaintiff filed an "Assistance Request" with the Department for Medicaid benefits for Oliveira. The request was denied on March 2, 1988, on the sole ground that Oliveira was a New York resident. The plaintiff challenged the denial at a Department fair hearing. The Department's decision following the fair hearing, which upheld the denial, was then appealed to the Superior Court. In September 1989, the court (Wagner, J.) found in favor of Oliveira on the issue of residency and remanded the case to the Department "for further proceedings in accordance with this decision."
Thereafter, the Department "reopened" the plaintiff's Medicaid application. On March 24, 1990, the Department granted Oliveira Medicaid benefits for December 1987 and January 1988, denied benefits for February 1988 through July 1989, and reinstated benefits beginning August 1989. On April 17, 1990, the Department denied Oliveira Medicaid benefits for September 1987 through November 1987.
By letter dated May 21, 1990, the plaintiff requested a fair hearing, pursuant to 17-2a, concerning the denial of benefits. The fair hearing was held on October 18, 1991. The resulting decision upheld the denial of benefits for the periods indicated above on the ground that assets exceeded permitted limits for those periods. The decision was mailed to the plaintiff on December 13, 1991.
The plaintiff filed this appeal of the Department's December 13 decision on January 21, 1992. Service was made upon the Department by mailing the appeal papers, certified mail, postage pre-paid, return receipt requested, to the CT Page 1177 Commissioner of the Department on January 15, 1992. The return receipts indicated that the appeal papers were delivered to the office of the Commissioner on January 16, 1992. January 15 was the thirty-third day after the mailing of the Department's decision.
A preliminary review of the file and record in this case raises a question of the court's jurisdiction. The court must, therefore, "fully resolve" the jurisdictional question before considering the merits of the appeal. Castro v. Viera,207 Conn. 420, 429 (1988). The issue is whether this appeal is governed by the Uniform Administrative Procedure Act (UAPA) in effect at the time of the original application, December 22, 1987, or the UAPA in effect when the court remanded the case to the Department in September 1989. Under the earlier version of the UAPA, the plaintiff was required to effect service of the appeal papers on the Department within thirty days after the mailing of the final decision. General Statutes 4-183(b) (Rev'd 1989). In this case, service was effected more than thirty days after such mailing, and, therefore, the court would lack subject matter jurisdiction if that earlier law controls. Raines v. Freedom of Information Commission, 221 Conn. 482, 489-490 (1992).
Effective July 1, 1989, the applicable statute in the UAPA was changed by extending the period for service to forty-five days. See General Statutes 4-183(c) (as amended by Conn. Pub. Acts. No. 88-317, 23, 107, effective July 1, 1989). Since service in this case was effected well within forty-five days, it would not be defective if the later version of the UAPA controls.
UAPA appeals are controlled by the law in effect at the time the "agency proceedings commenced." General Statutes4-185; Vernon Village, Inc. v. Carothers, 217 Conn. 130, 140
(1991). The precise jurisdictional issue before the court, therefore, is whether the "agency proceedings" commenced before or after July 1, 1989, the effective date of the new UAPA. Pinpointing the commencement of the proceedings in this case is complicated by the court's remand following the plaintiff's appeal of the Department's initial denial of benefits on the issue of residency. As indicated, the decision to remand was issued in September 1989.
Both the plaintiff and the defendant Department argue CT Page 1178 that the September 1989 remand commenced new agency proceedings and that, therefore, the present appeal is governed by the forty-five day service provision in the new UAPA. Such an agreement by the defendant, however, cannot confer subject matter jurisdiction. Cahill v. Board of Education, 198 Conn. 229, 238 (1985). To the contrary, a careful examination of the record, the pleadings, and the applicable law leads the court to conclude that the Departmental proceedings which followed the September 1989 remand were simply a continuation of the proceedings originally commenced in December 1987, when the plaintiff first applied for Medicaid benefits.
In Raines v. Freedom of Information Commission, supra, the Supreme Court rejected the plaintiff's argument that a new proceeding commenced with a hearing which was held pursuant to a remand by the trial court. In so holding, the court noted that it had previously held, in the context of "considering whether a trial court's remand order is an appealable final judgment, . . . that `[a] judgment by a trial court ordering further administrative proceedings' does not terminate `a separate and distinct proceeding.'" Id., 488 (citing, inter alia, Schieffelin Co. v. Department of Liquor Control, 202 Conn. 405, 409-10 (1987)). The Raines court based its decision on the following considerations: (1) the remand was ordered in a motion in limine and, therefore, the trial court had made no determination of the merits of the appeal; (2) the trial court ordered the FOIC to review evidence submitted at the agency hearing prior to the appeal as well as to consider any new evidence submitted at the new hearing; (3) the new hearing, although conducted by a different hearing officer, incorporated findings from the initial agency hearing; (4) no new complaint was filed and no new docket number was assigned by the FOIC; (5) in the decision following the remand, the FOIC referred to the matter that was heard in the initial hearing "as having been `reopened' and based its findings and conclusions on its `consideration of the entire record.'" Id., 488-89. (Emphasis by the court.)
 We discern no persuasive reason on these facts "why we should view each fragmented sub-proceeding within [the] agency proceeding as triggering the application of the [UAPA]. Indeed, the CT Page 1179 act itself suggests that hearings are merely component proceedings within a larger, more inclusive agency proceeding commencing before the hearing stage." Vernon Village, Inc. v. Carothers, supra,
Raines v. FOIC, supra, 489. The Raines court concluded that the new hearing was a continuation of the "original agency proceeding" governed by the thirty day service requirement of General Statutes 4-183(b) prior to the July 1, 1989 revision of the UAPA. Id., 489-490.
Although the procedural fact pattern of the present case differs in some respects from that of the Raines case, there are many similarities, and the general principles of the Raines decision and the decision in Vernon Village, Inc. v. Carothers, supra, lead to the conclusion that there was but one agency proceeding here. Reviewing the factors identified as significant on the issue by the Raines court, this court notes the following. As in the Raines case, the trial court here remanded the case to the agency without hearing or deciding the substance of the case. Rather, it decided only the preliminary issue concerning the plaintiff's residence. It never heard or decided the merits of the plaintiff's claim for Medicaid benefits. But it was this claim for benefits that was the subject of her initial application, and it was that application that triggered all of the agency's subsequent actions.
As in the Raines case, the trial court here remanded the case for "further proceedings," which would, of course, involve the consideration of evidence already in the record on the subject of the plaintiff's eligibility for Medicaid, as well as evidence adduced at the new hearing. Although the Department assigned a new case number after the remand, there was no new application for benefits filed by the plaintiff; rather, the Department, as in the Raines case, "reopened" the case, in its words. It then "update[d] the file" and processed the original, December 1987 application. In so doing, the Department used some evidence that had been in its file since December 1987. This was the crucial bank passbook showing Oliveira's assets. See testimony of Pat Coughlin, Eligibility Supervisor for the Department, Return of Record, Transcript of Fair Hearing, October 18, 1991, pp. 6-7. Indeed, Ms. Coughlin's testimony shows that the Department CT Page 1180 began to process the plaintiff's application on December 22, 1987.
 Ms. Couglin: On December 22, '87 we received the account in question, and there was a review of the file done by the worker at that time.
In Vernon Village, Inc. v. Carothers, supra, 141, the court noted that the applicable agency regulation provided that "(a)n administrative action of the department commences when . . . the department issues an order." The court thereupon held, in part on the basis of that regulation, that for the purpose of determining which version of the UAPA applied, the "agency proceedings" commenced when the department issued its order. Similarly, in this case, the applicable regulation of the Department, Uniform Policy Manual (UPM) 1500.01, provides, in part, as follows:
Application Process
 The application process is all activity related to the exploration, investigation and disposition of an application beginning with the filing of an assistance request and ending with disposition of the application. (Emphasis added.)
In this case, the "application process" began on December 22, 1987, when the plaintiff filed her Medicaid assistance request. She never filed any other assistance request, and there was no "disposition of the application" until the Department issued its final decision in December 1991. "[A]ll activity related to the exploration, investigation and disposition of [the plaintiff's] application" would surely seem to include the Department's consideration of the application before and after the remand in September 1989. On the basis of the Department's regulation, at least, and the decision in Vernon Village, Inc., the "agency proceedings" in this case commenced when the plaintiff applied for Medicaid benefits by filing her assistance request in 1987.
At the new hearing on October 18, 1991, the hearing CT Page 1181 officer received new evidence, of course, and in his decision stated that he "completely heard the case". In the court's view, this factor has little significance in resolving the question of when the "agency proceedings commenced". Raines, where the court found that the new hearing was simply a continuation of the original proceedings, the FOIC also heard new evidence at the hearing on remand.
Based upon all of the reasons set forth above, the court holds that the "agency proceedings" in this case commenced in December 1987, when the plaintiff filed the application for Medicaid benefits and the Department began its processing. The Department's fair hearing after the remand was a continuation of those proceedings, not newly commenced proceedings. It follows that the UAPA which is applicable to this case is that which was in effect prior to the July 1, 1989 amendments. That being so, service of the appeal on the agency did not comply with the time requirements of the UAPA, General Statutes 4-183(b) (Rev'd 1989).
Noncompliance with the statutory time requirements for service of the appeal papers, as provided by General Statutes4-183, deprives the court of subject matter jurisdiction. Raines v. FOIC, supra. In the final decision in this case, however, the Department's hearing officer advised the plaintiff that she had 45 days in which to appeal, rather than 30 days as required by the applicable statute. It appears that he erroneously concluded that the new UAPA applied. Although an administrative agency may not ordinarily waive statutory jurisdictional requirements, General Statutes 17-2b(c) provides a procedure whereby an aggrieved person may petition the Department to extend the time limits of 4-183. Section 17-2b(c)(2)(C) provides that a basis for granting such a petition may be "incorrect or misleading information given to the petitioner by the agency, relating to the appeal time period, and shown to have been materially relied on by the petitioner as the basis for failure to file a timely appeal." The court has carefully considered these statutory provisions in the context of this case and concludes that they do not apply. The statute clearly and precisely lays out a procedure for extending the appeal period. This includes a timely petition by the plaintiff to the Department (not this court). The petition must be accompanied by "all available documentary evidence" in support of the petition. The Department's decision granting the extension must be in writing and the CT Page 1182 date of that decision commences the running of a new appeal period. A statutory right to appeal may be exercised only by strict compliance with the statutory provisions by which the right is created. Tarnopol v. Connecticut Siting Council,212 Conn. 157, 163 (1989). None of the provisions of General Statutes 17-2b(c) were complied with in this case; therefore, that statute does not extend the plaintiff's right to appeal beyond the limits provided by 4-183.
Since service of the appeal on the Department was not timely and since the time period in the law was not validly extended, the court lacks subject matter jurisdiction. The appeal must be dismissed for this reason.
Although the court has no jurisdiction to decide the merits of the plaintiff's appeal, the court has carefully examined the pleadings, briefs and the record. In view of the Department's belief that the court has jurisdiction, the court will briefly address the merits of the plaintiff's claims.
The plaintiff's first claim is that the Department failed to adhere to the requirements of its Uniform Policy Manual (UPM) 1015.05 and 1015.10, in that it did not adequately inform the plaintiff that the accrual of interest on her bank account would be added to her assets so as to render her ineligible for Medicaid. The court is persuaded, however, that the language of the regulations in question is too general to require the Department to provide the kind of specific information that the plaintiff claims she was due. See Gardebring v. Jenkins, 108 S.Ct. 1306 (1988), cited by the Department in its brief. The plaintiff's argument in this regard, based as it is on principles of estoppel, is vulnerable for that reason as well. Kimberly Clark Corporation v. Dubno, 204 Conn. 136 (1984). Her appeal may not be sustained on the basis of her claim of estoppel.
The plaintiff's remaining claims are that the Department erroneously refused to offset accrued, unpaid medical expenses against assets, which would have reduced the asset level to the eligibility limit. This court, however, has already decided that issue adversely to the plaintiff's position in a number of cases, most notably Matarazzo v. Aronson, No. CV 910388351 (Superior Court, Hartford J.D. at Hartford, June 29, 1992, Holzberg, J.). Her appeal may not, therefore, be sustained on the basis of accrued expenses as an CT Page 1183 offset against assets.
The plaintiff's appeal is dismissed for lack of subject matter jurisdiction.
Maloney, J.