[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant Commission on Human Rights and Opportunities (CHRO) moves to dismiss the appeal of the plaintiff Division of Special Revenue on the basis that the plaintiff failed to serve and file the appeal documents within the time prescribed by statute. The court finds the issues in favor of the defendants.
It is undisputed that the CHRO mailed the final decision in this case to the parties on August 17, 1993. It is likewise undisputed that the deputy sheriff retained by the plaintiff served the defendants on October 1, 1993. That is the forty-fifth day after the mailing of the final decision.
Certain other essential facts are undisputed. Defendant Karrane Farling filed her complaint against the plaintiff Division of Special Revenue with the CHRO in August 1988. She subsequently twice amended her complaint in July and September 1990. In March 1992, following an investigation, the CHRO issued a finding of reasonable cause to believe that discrimination had occurred and scheduled a hearing. The hearing was held in several sessions beginning in October 1992 and ending in January 1993.
The issue before the court is whether this appeal is governed by the Uniform Administrative Procedure Act (UAPA) which was in effect at the time the original complaint was filed in August 1988 or by the UAPA which was in effect when the CHRO made its determination of reasonable cause and scheduled a hearing in 1992. Under the earlier version of the UAPA, the plaintiff was required to effect service of the appeal papers on the defendants within thirty days after the mailing of the final decision. General Statutes 4-183(b) (Rev'd 1989). In this case, service was effected more than CT Page 10872 thirty days after such mailing, and, therefore, the court would lack subject matter jurisdiction if that earlier law controls. Raines v. Freedom of Information Commission,221 Conn. 482, 489-490 (1992).
Effective July 1, 1989, the applicable provision of the UAPA was changed by extending the period for service to forty-five days. See General Statutes 4-183(c) (as amended by Conn. Pub. Acts. No. 88-317, 23, 107, effective July 1, 1989). If this later version of the UAPA controls, the service would not be defective because it was made on the forty-fifth day.
UAPA appeals are controlled by the law in effect at the time the "agency proceedings commenced." General Statutes 4-185; Vernon Village, Inc. v. Carothers, 217 Conn. 130, 140
(1991). The precise jurisdictional issue before the court, therefore, is whether the "agency proceedings commenced" before or after July 1, 1989, the effective date of the new UAPA.
The plaintiff argues that the CHRO proceedings in this case commenced in March 1992, when the CHRO notified the parties of the hearing. Alternatively, the plaintiff argues that the agency proceedings commenced when the complainant filed the amendments to her, original complaint in 1990. The plaintiff offers no authority in support of these arguments, and the court concludes that they may not be sustained.
In Vernon Village, Inc. v. Carothers, supra, 141, the court noted that the applicable agency regulation provided that "(a)n administrative action of the department commences when . . . the department issues an order." The court thereupon held, in part on the basis of that regulation, that for the purpose of determining which version of the UAPA applied, the agency proceedings "commenced" when the department issued its order. In this case, the applicable regulation of the CHRO, Regulations of State Agencies 46a-54-37, provides that "(a)n agency proceeding will be deemed to have commenced on the date that a complaint is filed with the Commission." See also Miko v. CHRO, 220 Conn. 192, 196, n. 3 (1991), where the court states that the agency proceedings in that case commenced when the complainant filed her complaint with the CHRO. Since the complaint in the present case was first filed in 1988, prior to the change in the UAPA, the Vernon Village, Inc. and Miko CT Page 10873 rulings dictate that the agency proceedings be deemed to have commenced at that time.
The court's conclusion that the CHRO "proceedings commenced" when the complainant filed her first complaint with the agency rather than at some later stage of the case is consistent with the observation of our supreme court in Raines v. Freedom of Information Commission, 221 Conn. 482, 489
(1992), quoting the Vernon Village, Inc. decision as follows:
 We discern no persuasive reason on these facts "why we should view each fragmented sub-proceeding within (the) agency proceeding as triggering the application of the (UAPA). Indeed, the act itself suggests that hearings are merely component proceedings within a larger, more inclusive agency proceeding commencing before the hearing stage."
For all of the reasons set forth above, the court concludes that the provisions of 4-183 which were in effect prior to July 1, 1989 govern the appeal in this case. Specifically, the requirement that appeal papers be served on the agency and other parties within thirty days after the mailing of the final decision applied here. The undisputed failure to comply with that requirement deprives the court of subject matter jurisdiction. Raines v. Freedom of Information Commission, supra.
The appeal is dismissed.
Assistant Attorney General McCallum for plaintiff.
P.A. Murphy for defendant.