[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE THE STATE OF CONNECTICUT'S MOTION TO DISMISS
On September 10, 1987, judgment was entered against the defendant ordering that he pay child support and arrearage for his obligations to support the child of Judith Castro. On March 15, 1993, an application for a contempt order was filed against the defendant by Judith Castro. On April 26, 1993, the defendant filed a motion to reopen the September 10, 1987 judgment on the grounds that he had supported the child and had never received notice of the pendency of the action. On May 5, 1993, Family Support Magistrate Miller held an evidentiary hearing on the matter, and on the same day, issued a decision denying the motion to reopen.
On May 18, 1993, the defendant, through his counsel, filed an application for waiver of payment of fees, costs and necessary expenses pursuant to General Statutes § 46b-231(n)(10). In the application, the defendant requested that the state pay the defendant's cost of preparing a copy of the transcript of the May 5, 1993, hearing. On May 18, 1993, this court entered a judgment on the application, finding that the defendant was indigent, and that the application for the waiver of fees was timely filed pursuant to General Statutes § 46b-231(n)(10). The court ordered that the defendant could proceed on the appeal without payment of fees or costs and that the state was to provide the defendant with a copy of the May 4, 1993, hearing transcript at the state's expense. On May 28, 1993, the defendant filed a modification of the waiver of fees application which represented to the court that on May 21, 1993, Magistrate Miller ordered the state to pay for a copy of the transcript. The modification requested the court to withdraw the portion of the judgment on the application of the waiver of fees that ordered the state to provide the defendant with a copy of the transcript. This modification was not acted on. CT Page 6680
On July 7, 1993, the defendant moved the court to order the court reporter to provide the defendant with a copy of the transcript. On January 21, 1994, the court, Harrigan, J., granted the motion and ordered the court reporter to provide a copy of the transcript to the defendant at the state's expense.
The defendant's attorney represented that she did not receive a copy of the transcript until on or about February 10, 1994. On February 25, 1994, the defendant filed an appeal from the family support magistrate's denial of the motion to reopen.
On March 14, 1994, the state filed the present motion to dismiss, arguing that the court lacks subject matter jurisdiction because the appeal was not filed within the time period required by General Statutes § 46b-231(n)(2). The defendant argues in opposition to the motion to dismiss that his appeal is not untimely because he could not file his appeal until after he received the transcript.
"A challenge to the court's jurisdiction is raised by filing a motion to dismiss." Park City Hospital v. Commissionon Hospitals and Health Care, 210 Conn. 697, 702, 556 A.2d 602
(1989).
 "`A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Chestnut Realty, Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 356, 514 A.2d 749 (1986); Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 6, 363 A.2d 1386 (1975). Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. Basilicato v. Department of Public Utility Control, 197 Conn. 320, 322, 497 A.2d 48 (1985); Royce v. Freedom of Information Commission, 177 Conn. 584, 587, 418 A.2d 939 (1979).
Vernon Village, Inc. v. Carothers, 217 Conn. 130, 142,585 A.2d 76 (1991).
Under 46b-231 (n)(2), an appeal from a final decision of a family support magistrate must be filed in the Superior Court not later than fourteen days after the filing of the magistrate's final decision. However, General Statutes § 46b-231(n) (10) provides that: CT Page 6681
 [i]n any case in which any party claims that he cannot pay the costs of an appeal or defending an appeal under this section, he shall, within the time permitted for filing the appeal, or the time permitted for filing of a transcript of testimony if preparation of such transcript is required, file with the clerk of the superior court to which the appeal is to be taken an application for waiver of payment of such fees, costs and necessary expenses. . . . After such hearing as the superior court determines is necessary, the superior court shall enter its judgment on the application, which judgment shall contain a statement of the facts the superior court has found, with its conclusions thereon. The filing of the application for the waiver shall toll the time limits for the filing of an appeal until such time as a judgment on such application is entered. (Emphasis added.)
The court entered judgment on the defendant's application for waiver of fees on May 18, 1993.
The defendant argues that the above-emphasized language of § 46b-231 (n)(10) dictates that the time for filing the appeal is tolled until the defendant is supplied with a copy of the transcript. The defendant argues that the transcript in the present case was necessary in order to file the appeal and, therefore, the time for filing the appeal in the present case did not begin to run until the transcript was received.
However, General Statutes § 46b-231(n)(4) provides that [t]he aggrieved party shall file with his appeal a statement that no transcript is required for the purpose of determining the issues raised on appeal or a statement that he has ordered a transcript. . . . (Emphasis added.) Under § 46b-231(n)(10) the deadline for filing the appeal is tolled until the court's final judgment on the application for waiver of fees is entered. Following the entry of the judgment on the waiver of fees application, the party may file with the appeal a statement that a transcript has been ordered. General Statutes § 46b-231(n)(4). Furthermore, under General Statutes § 46b-231(n)(4),"[a] transcript may be filed by any party to an appeal and shall be filed within thirty days from the filing of said appeal unless the time for filing such transcript is extended by order of the Superior Court or the family support magistrate." Therefore, because § 46b-231(n)(4) CT Page 6682 allows the defendant to file the appeal with a statement that the transcript has been ordered, and the defendant is allowed thirty days after the filing of the appeal to file the transcript or request the court to extend the deadline for filing the transcript, General Statutes § 46b-231(n)(10) does not automatically toll the time period for filing of the appeal until the defendant receives a copy of the transcript. The judgment on the application entered on May 18, 1993, and the fourteen day period pursuant to General Statutes § 46b-231(n)(2) began to run at that time.
The appeal was not filed until February 25, 1994. Therefore, the state's motion to dismiss is granted on the ground that the defendant failed to file the appeal in accordance with the deadline of General Statutes § 46b-231(n)(2).
HARRIGAN, J.