[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Defendant Board of Tax Review of the Town of Monroe moves to dismiss this tax appeal, which has been filed by plaintiff 360 Hamilton Plaza Corporation pursuant to General Statutes § 12-117a. The appeal concerns the Board's denial of a petition the plaintiff filed with the Board to contest the valuation which the tax assessor placed on the plaintiff's property for the Grand List of October 1, 1994. The defendant Board claims this court lacks jurisdiction to entertain this appeal because the plaintiff failed to file a petition with the Board within the time limitations set forth in General Statutes § 12-111 and 12-112. For the reasons stated below, the motion to dismiss is granted.
The Board of Tax Review held three meetings in February of 1995 for the purpose of hearing appeals filed by persons claiming to be aggrieved by the tax assessor's setting the value of taxable property. Notice of each meeting was published in the Connecticut Post. After the Board completed its hearing for February, the plaintiff submitted to the Monroe Tax Assessor's Office an assessment complaint form, claiming that the value which the assessor placed on its property for the Grand List of October 1, 1994, should be reduced. The form was filed on February 28, 1995. By notice dated March 21, 1995, the Board of Tax Review advised the plaintiff that its petition was denied. On May 22, 1995, the plaintiff filed in this court an application in the nature of an appeal from the decision of the Board of Tax Review.
The Board contends this court lacks jurisdiction to review the Board's decision because the plaintiff failed to appeal from the doings of the assessor to the Board within the time limitations set forth in General Statutes § 12-111 and 12-112. The Board also argues that this court lacks jurisdiction because the plaintiff failed to appear before the Board and failed to provide the Board with information in support of its appeal.
The plaintiff, on the other hand, argues that it properly filed a petition with the Board since the chairman of the Board gave the plaintiff permission to file an appeal after the February meetings were concluded. The plaintiff claims it is aggrieved by the Board's decision on the petition. Section § 12-117a of the CT Page 5788 General Statutes provides for an appeal to this court for property owners who are "aggrieved by the action of the board of tax review."
In order to explain the circumstances surrounding the late filing of the appeal with the Board, the parties filed in this court affidavits from two persons, an attorney who represents the plaintiff and the chairman of the Board. The attorney also testified at a hearing before this court. The affidavits show that the chairman of the Board and the attorney conversed over the telephone on February 24, 1995. The plaintiff's attorney reports that the chairman stated during the telephone conversation that the Board had concluded its meetings with people who wished to contest their assessment on the Grand List of 1994. According to the plaintiff's attorney, the chairman advised the plaintiff's attorney that, if the assessment complaint form was submitted before the end of February, the Board would make every effort to consider it. The chairman states in his affidavit that he told the plaintiff's attorney "the Board of Tax Review had completed its meetings for the month of February, but if the plaintiff submitted a petition by the end of the month, the Board would attempt to review it." The chairman also states that he told the plaintiff's attorney that someone would have to appear before the Board on behalf of the plaintiff if the plaintiff wished to contest its assessment. The plaintiff's attorney, on the other hand, states that no one from the Board advised her that someone would have to appear before the Board in order to ensure review of the petition.
Three sections of the General Statutes are relevant to the defendant's argument: §§ 12-110, 12-111, and 12-112. Section12-110 provides, in pertinent part, as follows: "The board of tax review in each town . . . shall meet at least three times during the month of February . . . and shall give notice of the time and place of such meetings . . . ." Section 12-111 provides, in pertinent part, as follows: "At such meeting any person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to such board of tax review . . . ." Section 12-112 provides, in pertinent part, as follows: "No appeal from the doings of the assessors in any town . . . shall be heard or entertained by the board of tax review unless referred to it at one of its meetings during the month of February . . . ." The time limitation set forth in General Statutes § 12-112 refers to the February immediately following the assessment from which a taxpayer seeks to appeal. CT Page 5789
Where the right of appeal is established by statute, the statute is deemed mandatory and the appealing party must comply strictly with the terms thereof. Vernon Village, Inc. v.Carothers, 217 Conn. 130, 142, 585 A.2d 76 (1991). Section 12-112
clearly provides that "[n]o appeal . . . shall be heard orentertained by the board of tax review unless referred to it at oneof its meetings during the month of February . . ." (emphasis added). The appeal was not referred to the Board at one of its meetings during the month of February. Accordingly, the Board did not have authority to hear the appeal. The plaintiff's failure to petition the Board within the statutory period renders this appeal subject to dismissal for subject matter jurisdiction.
The plaintiff claims the defendant is estopped from contesting jurisdiction since it accepted the petition. The plaintiff does not claim it failed to file the petition earlier due to misleading conduct on the part of the chairman of the defendant Board. The fact the Board accepted the petition and acted upon it can not under the circumstances estop the defendant from raising the jurisdictional issue.
The motion to dismiss is granted.
THIM, JUDGE