[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, the City of New Haven, files this motion to dismiss on the grounds that the appeal of the plaintiff was taken by the applicant after the expiration of the statutory time limit. The plaintiff opposes the motion, arguing that she, as authorized agent of the owner, was never sent notice of the Board's decision. She claims to have never received the requisite notice. For reasons more fully set forth herein, this court denies the motion to dismiss.
This action is an appeal of the decision of the Board of Assessment Appeals of the City of New Haven brought pursuant to General Statutes section 12-117a. That section requires:
 "Any person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom, with respect to the assessment list for the assessment year commencing . . . October 1, 1995, and with respect to the assessment list for assessment years thereafter, to the superior court for the judicial district in which such town or city is situated."
The facts as attested to and alleged are as follows:
1. An agent of the owner of the property located at 287 Norton Street, New Haven, Anna Feigelman, filed an appeal with the Board of Assessment Appeals of the City of New Haven, claiming to be aggrieved by the actions of the Assessors.[1]
2. The Board exercised its right not to conduct a formal hearing.[2]
CT Page 14176
3. The Board claims that it sent notice of its decision not to conduct a formal hearing on March 11, 2002.[3]
4. The plaintiffs agent did not receive this notice.[4]
5. The plaintiff filed this appeal from the adverse decision of the Board of Assessment Appeals on June 13, 2002, more than two months after March 11, 2002.
The purpose of the motion to dismiss is to "contest the court's jurisdiction." Practice Book section 10-30. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). In deciding a motion to dismiss, the court is to "admit all facts which are well pleaded . . . [and] invoke the existing record." Barde v. Boardof Trustees, 207 Conn. 59, 539 A.2d 1000 (1988). The court is to indulge every presumption favoring jurisdiction. Connecticut Light and Power Co.v. Costelle, 179 Conn. 415, 420 (1980).
"Administrative appeals are creatures of statute. Strict compliance with the procedures set forth within the body of the governing statute by the aggrieved plaintiff, including the limitations of actions provisions is essential to the subject matter jurisdiction of the court." Schon v.Commissioner of Transportation, Superior Court, judicial district of Hartford, Docket No. 523306 (May 10, 1994, Aurigemma, J.) Therefore, whenever the right to appeal is specifically designated by statute, that statutory provision must be deemed mandatory, and the failure to comply with it will result in the denial of subject matter jurisdiction by the court. Vernon Village, Inc. v. Carothers, 217 Conn. 130, 142 (1991).
The General Statutes require that notice of the Board's decision be sent within seven days of the determination. "The board shall determine all such appeals and send written notification of the final determination of such appeals to each such person within one week after such determination has been made." General Statute, section 12-111.
There is a factual dispute regarding whether or not notice was sent. The defendant asserts, through an affidavit of the Chairman of the Board, that notice was mailed. The plaintiff urges this court to conclude, based on the fact that notice was not received, that it was not mailed. The issue in dispute is whether or not the alleged failure of the plaintiff, or the plaintiffs agent to receive the notice is sufficient to put in question the asserted claim by the defendant that notice was mailed. Certainly, there is a presumption that if an item is mailed, it will be received. In this case, there is a claim that the item was CT Page 14177 mailed, and that the item was not received. This establishes a factual dispute as to whether or not the item was mailed. In order to resolve this dispute this court would be forced to decide facts. Because this dispute requires factual and evidentiary findings which are inappropriate to determine in the context of a motion to dismiss, this court holds that the motion must be denied.
 ___________________ Robinson-Thomas, J