## DAVID ROYCE *v.* FREEDOM OF INFORMATION COMMISSION

COTTER, C. J., BOGDANSKI, LONGO, PETERS and A. HEALEY, Js.

Argued February 9—decision released May 29, 1979

*David Royce,* pro se, the appellant (plaintiff).

*Mitchell W. Pearlman,* general counsel, with whom, on the brief, was *Albert P. Lenge,* counsel, for the appellee (defendant).

ARTHUR H. HEALEY, J. The plaintiff has appealed to this court from a judgment rendered by the trial court dismissing his appeal upon the sustaining of a plea in abatement filed by the defendant. The trial court denied the plaintiff's motion to set aside that judgment.

On August 18, 1977, the plaintiff made a complaint to the defendant freedom of information commis-

sion, hereinafter the commission. The commission dismissed that complaint on October 13, 1977. Notice of the commission's final decision was dated October 13, 1977. The plaintiff brought an administrative appeal from that decision to the trial court where that appeal was filed on November 2, 1977. On November 9, 1977,[1] the commission filed a plea in abatement. That plea sought judgment dismissing the appeal for the reason that "[t]he appellant failed to comply with § 1-21i (d) of the General Statutes, as a condition of his appeal, in that he failed to serve a copy of his petition upon the town of Westport, the chairman of the planning and zoning committee of the representative town meeting of the town of Westport, and the planning and zoning committee of the representative town meeting of the town of Westport, all of which were respondents and parties of record in the contested case decided by the appellee." The court sustained the plea in abatement and, on December 9, 1977, rendered judgment abating and dismissing the plaintiff's appeal. Thereafter, it denied the plaintiff's motion to set aside the judgment and this appeal followed.

Although there are a number of assignments of error, we consider dispositive that assignment of error directed to the court's determination that the plaintiff failed to comply with General Statutes § 1-21i (d), as amended by Public Acts 1977, No. 77-603, § 2. General Statutes § 1-21i (d) provides in part that "[a]ny party aggrieved by the decision of said [freedom of information] commission may

---

[1] In one place the record recites that the plea in abatement was filed on November 9, 1978. Our examination of the record and briefs before us and the posture of the parties in argument demonstrate clearly that this is a typographical error.

appeal therefrom, in accordance with the provisions of section 4-183." General Statutes § 4-183 (b), which is part of the Uniform Administrative Procedure Act, provided in part that "[p]roceedings for review shall be instituted by filing a petition in the court of common pleas in the county wherein the aggrieved person resides within thirty days after mailing of the notice of the final decision of the agency." We are satisfied that the trial court correctly assumed that the date of mailing of the notice of the final decision was October 13, 1977. Accordingly, October 13, 1977, is the date to be used as the basic starting point for determining the critical issue of whether service was made "within thirty days after mailing of the notice of the final decision of the agency." Even if service had been made on those parties who are referred to in the plea in abatement on November 14, 1977, a period of thirty-one days would have elapsed. *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 6, 363 A.2d 1386 (1975); see *Lamberti* v. *Stamford,* 131 Conn. 396, 398, 40 A.2d 190 (1944). The word "within" in § 4-183 (b) is of critical importance. The meaning of "within" is " 'not longer in time than'; Webster's New International Dictionary (2d Ed.); 'not later than'; 69 C.J. 1315; 45 Words & Phrases (Perm. Ed.), p. 378. The word 'within' is almost universally used as a word of limitation, unless there are other controlling words in the context showing that a different meaning was intended." *Lamberti* v. *Stamford,* supra; see *Bielan* v. *Bielan,* 135 Conn. 163, 164 n.1, 62 A.2d 664 (1948); see also *Schwarzschild* v. *Binsse,* 170 Conn. 212, 217, 365 A.2d 1195 (1970); *Amercoat Corporation* v. *Transamerica Ins. Co.,* 165 Conn. 729, 732, 345 A.2d 30 (1974). No different meaning was intended in

§ 4-183 (b). Therefore, the service which the plaintiff claims was made on all parties of record on November 14, 1977, would not be "within thirty days after" October 13, 1977.

The following language of this court in *Norwich Land Co.* v. *Public Utilities Commission,* supra, is particularly apposite on the timely exercise of the statutory right of appeal to courts from administrative agencies: "Appeals to courts from administrative agencies exist only under statutory authority. *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. *In re Nunez,* 165 Conn. 435, 441, 334 A.2d 898; *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451, 208 A.2d 337; 4 Am. Jur. 2d, Appeal and Error, § 4. Provisions in statutes fixing a time within which to take an appeal are designed, in the public interest, to secure a speedy determination of the issue involved. *Fidelity Trust Co.* v. *Lamb,* 164 Conn. 126, 132, 318 A.2d 109. 'Time is not merely a procedural limitation but is an essential part of the remedy.' *Del Grosso* v. *Board of Appeal,* 330 Mass. 29, 32, 110 N.E.2d 836. Such provisions are mandatory, and, if not complied with, render the appeal subject to abatement. *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 719, 54 A.2d 501."

" '[T]he determination of the existence and extent of appellate jurisdiction depends upon the terms of the statutory or constitutional provisions in which it has its source.' " *LaReau* v. *Reincke,*

158 Conn. 486, 492, 264 A.2d 576 (1969); see *In re Nunez,* supra. The plaintiff has not complied with the statutes giving the right of appeal and this is so even if we assume, as the plaintiff claims, that service on all parties of record was made on November 14, 1977. Although the decision of the trial court does not articulate this last assumption, its decision was still not in error. This is so because we have held many times that where the trial court arrives at a correct decision, but on incorrect grounds, that decision will be sustained if correct grounds exist to support it. See, e.g., *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978); *Morris* v. *Costa,* 174 Conn. 592, 392 A.2d 468 (1978); *DiMaggio* v. *Cannon,* 165 Conn. 19, 24, 327 A.2d 561 (1973).

There is no error.

In this opinion the other judges concurred.