[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant Connecticut Department of Income Maintenance.
I. FACTS
On May 23, 1990, a hearing was held, pursuant to Connecticut General Statutes Section 17-2a, at which the plaintiff disputed a lien for unreimbursed public assistance claimed by the defendant against the proceeds received by plaintiff from the settlement of a personal injury lawsuit. A decision in favor of the defendant upholding the lien was rendered by the Fair Hearing Office and mailed to the plaintiff by certified mail on June 15, 1990. The sheriff's return indicates that service on the named defendant, Lorraine Aronson, Commissioner of Income Maintenance, was made by in-hand service on a Connecticut Assistant Attorney General on August 1, 1990, more than forty-five days after the mailing of the decision.
II. LAW
Connecticut General Statutes Section 17-2b(b) provides that the applicant for a fair hearing may appeal from the final decision of the hearing officer in accordance with Connecticut General Statutes Section 4-183 (UAPA). Connecticut General Statutes 4-183 (c), as amended by Connecticut Public Acts Nos. 88-203, sec. 1, 88-317, sec. 23, provides as follows:
 (c) Within forty-five days after mailing of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court. . . .
Appeals from administrative agencies exist only under statutory authority. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions that created the right. Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163-164 (1989). The CT Page 5315 provisions of the UAPA that impose time limitations on taking an appeal are mandatory and, if not complied with, render the appeal subject to dismissal. Chestnut Realty, Inc. v. CHRO,201 Conn. 350, 356 (1986). Royce v. FOIC, 177 Conn. 584, 587
(1979).
III. PLAINTIFF'S ARGUMENTS
The plaintiff argues first that the forty-five day time limit in Connecticut General Statutes Section 4-183
should run from the date notice of the agency's decision is received, not when it is mailed. The Court is not persuaded by that argument. "The right to appeal from an administrative decision is triggered by the `mailing of . . . notice of the final decision of the agency.'" Rogers v. CHRO, 195 Conn. 543, 547
(1985), quoting Royce, 177 Conn. at 586 (emphasis added).
The plaintiff next argues that the notice of decision mailed to her was "defective" in that it advised her that she had forty-five days from the date of the decision to bring an appeal, rather than forty-five days from the mailing of the decision. The Court is also not persuaded by that argument. Even if this misstatement constitutes a "defect," the plaintiff has not established that she was harmed thereby, since the date of this decision is the same date it was mailed.
The plaintiff also argues that the notice of decision mailed to her is "unconstitutional" since it failed to advise her of her right to request an extension of time in which to appeal. The Court is not persuaded by that argument. Connecticut General Statutes Section 17-2b(c) provides: "The commissioner may, for good cause shown by an aggrieved person, extend the time for filing an appeal to the superior court beyond the time limitations of section 4-183" as set forth in sub-parts (1) and (2).
Research has revealed no statutory or regulatory requirement that the defendant provide notice of the provisions of Connecticut General Statutes Section 17-2b(c). Further, the plaintiff has not identified the constitutional right of which she claims to have been deprived, and has not cited any case law supporting her claim of unconstitutionality. "There is no inherent constitutional right to judicial review of administrative decision-making." Rogers, 195 Conn. at 550, citing Ortwein v. Schwab, 410 U.S. 656,659-61 (1973); Neyland v. Board of Education, 195 Conn. 174,183 (1985). The plaintiff has not met her burden of showing that the defendant's failure to provide notice of the provisions of Connecticut General Statutes Section 17-2b(c) is CT Page 5316 unconstitutional.
Finally, the plaintiff argues that equitable estoppel should apply to prevent the defendant from asserting the time limitation in Connecticut General Statutes Section4-183. The Court is also not persuaded by that argument. The plaintiff and defendant both refer to an affidavit of Sheriff Logioco, which is not present in the Court's file. Apparently, this affidavit establishes that Sheriff Logioco, a New London County sheriff, was given the appeal on July 20, 1990 for service on the Commissioner of the Department of Income Maintenance at the department's Norwich office. The sheriff apparently avers that he was misled by an employee at the Norwich office into believing that the Commissioner would be there on certain days, but when he went there, the Commissioner was never there. On July 31, 1990, Sheriff Logioco returned the appeal, unserved, to plaintiff's attorney, who then delivered it to a Hartford sheriff for service on the state attorney general on August 1, 1990. The plaintiff argues that an employee of the defendant agency misled Sheriff Logioco "for purposes of defeating service."
Connecticut General Statutes Section 4-183 (c) requires the plaintiff to "serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford." (emphasis added) It was not necessary for the plaintiff to personally serve the Commissioner. If the phrase, "at its office," is construed to mean any district office of the Department of Income Maintenance, the plaintiff could have simply directed the sheriff to serve the appeal on the agency at its Norwich office. If "at its office" is construed to mean the main office of the agency, the Connecticut State Register and Manual identifies a Hartford address, which would be outside the jurisdiction of a New London sheriff. Either way, it was the plaintiff's attempt to serve the Commissioner personally that "defeated service," and not any conduct on the part of the defendant agency.
Accordingly, the defendant's motion to dismiss is granted on the ground that this Court lacks subject jurisdiction over this appeal, which was not brought within the time limit set forth in Connecticut General Statutes Section4-183.
Axelrod, J. CT Page 5317