[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE; MOTION TO DISMISS
This case is an appeal of a decision of the Connecticut Commission on Human Rights and Opportunities (CHRO) in favor of Hattie and Paul Yuknevich.
On October 31, 1988 the aforementioned filed a complaint with CHRO alleging that the plaintiff herein, Elizabeth Sutton, had discriminated against them by refusing to rent an apartment because they had an interracial marriage and children.
Thereafter, the case was investigated by CHRO, and heard by a CHRO hearing officer who rendered a memorandum of decision on May 23, 1991 and issued an addendum dated August 12, 1991. This addendum was mailed to the parties and their counsel on September 3, 1991. The plaintiff filed the instant petition and deposited it in CT Page 10931 the mail on October 18, 1991 directed to CHRO and to the individual defendants.
Defendant CHRO has moved to dismiss the appeal on grounds that the court lacks subject matter jurisdiction in that it was not timely served with the petition. C.P.B. section 143.
A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Royce v. Freedom of Information Commission. 177 Conn. 584,587 (1979). The failure to file an appeal from an administrative decision in the time set by statute renders the appeal invalid and deprives the court of jurisdiction to hear it. Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543,550 (1985). Conn. Gen. Stat. 4-185 (a)states that "(T)his chapter applies to any and all agency proceedings commenced on or after July 1, 1989. Each agency proceeding commenced before July 1, 1989, is governed by the law in effect when the proceedings are commenced." See also Miko v. Commission on Human Rights and Opportunities. 220 Conn. 192, 196, n. 3 (1991) This proceeding commenced with the filing of the appellee's complaint on October 31, 1988. The law in effect at that time was Conn. Gen. Stat. section 4-183 which stated that "(C)opies of the petition shall be served upon the agency and all parties of record within thirty days after the mailing of such notice (of the final decision of the agency) . . . ." That statute was amended effective July 1, 1989 to extend the thirty day period to forty-five days. P.A. 88-317, Conn. Gen. Stat. 4-183 (c). However, the present statute is not the governing law of this case. By not serving the appeal petition upon the agency on or before October 3, 1991, the plaintiffs' appeal was not timely served. The court lacks subject matter jurisdiction to hear the appeal.
The plaintiff states that the complaint which forms the basis of this proceeding was the agency's complaint in 1990. The court does not agree. Section 4-185 of the Connecticut General Statutes speaks of "agency proceedings". "Proceeding" as defined in Ballantine's Law Dictionary, Third Edition, is "(I)n ordinary usage . . . applicable generally to any step taken by a suitor to obtain the interposition or action of a court . . . in a broad sense . . .even the conduct of a matter before an executive department or administrative agency." The matter existed because the Yuknevichs took the initial step of filing a complaint on October 31, 1988. Any amendments to pleadings and an ex rel designation arose from the step the appellees took to obtain the interposition of the agency.
The plaintiff also urges the court to find that the forty-five day time period has not commenced to run because the decision did not reach the Yuknevichs because of an incorrect mailing address. The court rejects this argument as well. It is not as though the plaintiff herein were prejudiced by this circumstance. There is no CT Page 10932 claim that the plaintiff did not receive her copy of the decision in a timely fashion.
For the foregoing reasons the motion to dismiss is granted.
LEHENY, J.