[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ADMINISTRATIVE APPEAL, NOVEMBER 5, 1991 120 DAYS RUNS MARCH 4, 1992
FACTS
This is an appeal pursuant to General Statutes1-21i(d) and 4-183 from the defendant Freedom of Information Commission's (hereinafter FOIC) decision ordering the defendant, Ronald J. Loranger, Chief of Police of the Hartford Police Department (hereinafter Chief of Police), to disclose records of which plaintiff Officer Antonio Champion is the subject.
Procedural and Factual History
The following facts are pertinent to this appeal. By CT Page 1903 letter dated August 3, 1989, defendant Henri Alexandre, former Chairperson of the Hartford Commission on Human Relations, sought disclosure of information from the defendant Chief of Police. (ROR #1, pp. 2-3; ROR #5). Specifically, defendant Alexandre requested, pursuant to the Connecticut Freedom of Information Act (FOIA), General Statutes 1-7 et seq., the following information concerning an allegation of excessive force that was investigated and sustained by the Investigation Review Board:
 1. The name of the officer or officers involved in the incident;
 2. The nature and extent of the discipline the officer or officers received in this instance; and
 3. The number, if any, of prior citizen complaints that have been filed against the officer or officers involved.
(ROR #1, p. 2; ROR #5).
By letter dated August 11, 1989, the defendant Chief of Police denied defendant Alexandre's Freedom of Information request for the reason that Officer Antonio Champion, a subject employee, believed that the disclosure of the information would legally constitute an invasion of privacy and would damage his reputation. (ROR #1, pp. 4-5; ROR #6; ROR #7).
On Monday, September 11, 1989, pursuant to General Statutes 1-21i(b), defendant Alexandre filed a notice of appeal with the FOIC, appealing from the Chief of Police's denial of access to the requested information. (ROR #1, p. 1; ROR #8; ROR #13, p. 6). Defendant's notice of appeal was filed thirty-one days after the Chief of Police's denial on August 11, 1989, in contravention of the statutory requirements of 1-21i(b).[1]
However, "`[i]n construing a statute, common sense must be used, and the courts will assume that the legislature intended to accomplish a reasonable and rational result.'" West Hartford v. FOIC, 218 Conn. 256, 261, 588 A.2d 1368
(1991), quoting Ford Motor Credit Co. v. B. W. Beardsley, Inc.,208 Conn. 13, 20, 542 A.2d 1159 (1988). The Connecticut Supreme Court, in addressing arguments as to timeliness, has followed the common law rule that "if the last day for performance of certain acts falls on a Sunday or a legal holiday, the doing of that act on the following day would be timely." Norwich Land Co. v. Public Utilities Commission,170 Conn. 1, 9, 363 A.2d 1386 (1975); Small v. South Norwalk CT Page 1904 Savings Bank, 205 Conn. 751, 757-58, 535 A.2d 1292 (1988); see also Lamberti v. Stamford, 131 Conn. 396, 400, 40 A.2d 190
(1944).
In the case at bar, the last day for filing the notice of Appeal was Sunday, September 10, 1989. Accordingly, defendant Alexandre's filing of his notice of appeal on the following day, September 11, 1989, was timely under General Statutes 1-21i(b).
On January 30, 1990, an FOIC hearing was held before Hearing Officer Frederick E. Hennick to consider the complaint of Alexandre and the City of Hartford Commission on Human Relations against the respondent Chief of Police, FIC Docket No. 89-343. (ROR #13). Officer Antonio Champion was made a party to the proceedings pursuant to General Statutes1-21i(b), and the Hartford Police Union was granted intervenor status. (ROR #13, p. 5). At the hearing, counsel for Officer Champion and the Hartford Police Union argued that the information sought by the complainants was exempt from disclosure under General Statutes 1-19(b)(2).[2] (ROR #13, pp. 25-27).
On April 11, 1990, following an in camera inspection of the requested documents, the FOIC adopted its final decision, finding that "due to the high degree of public accountability of police officers and to the legitimate and overriding interest of the public in the conduct of its police officers, the disclosure of the requested records would not constitute an invasion of personal privacy." (ROR #15, p. 3 par. 11). The FOIC further found that "the public interest in disclosure clearly outweighs any competing personal privacy interests in disclosure of the requested records." (ROR #15, pp. 3-4 par. 15). The FOIC ordered the respondent Chief of Police to provide the complainants with access to the requested information. (ROR #15, p. 4 pars. 1, 2).
The record contains the FOIC's "Notice of Final Decision" dated April 17, 1990, with the FOIC's final decision dated April 11, 1990 attached thereto. (ROR #15). However, the record does not contain evidence of the date on which the final decision was mailed or personally delivered to each party.
On June 4, 1990, plaintiffs, Officer Champion and the Hartford Police Union, filed an appeal with the Superior Court from the defendant FOIC's final decision pursuant to General Statutes 1-21i(d) and 4-183. (See Sheriff's Return and court stamp).[3]
CT Page 1905
Timeliness of Appeal
The dispositive issue in this appeal is whether plaintiffs' appeal was timely filed with the Superior Court within forty-five days after the mailing or personal delivery of the FOIC's final decision as required by General Statutes (Rev. to 1991) 4-183(c).
"`Appeals to courts from administrative agencies exist only under statutory authority . . . . "`A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" (Citations omitted). Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152, 584 A.2d 1183
(1991), quoting Vernon Village, Inc. v. Commissioner of Environmental Protection, 217 Conn. 130, 142, 585 A.2d 76
(1990); see also Royce v. FOIC, 177 Conn. 584, 587,418 A.2d 939 (1979).
 `Provisions in statutes fixing a time within which to take an appeal are designed, in the public interest, to secure a speedy determination of the issue involved . . . . "Time is not merely a procedural limitation but is an essential part of the remedy." (citations omitted). Such provisions are mandatory, and, if not complied with, render the appeal subject to abatement.' (Citation omitted).
Royce v. FOIC, supra, 587, quoting Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 363 A.2d 1386 (1975); see Citizens Against Pollution Northwest, supra, 152.
General Statutes 1-21i(d) provides, in pertinent part, that "[a]ny party aggrieved by the decision of [the FOIC] may appeal therefrom, in accordance with the provisions of section 4-183." General Statutes 1-21i(d). Section 4-183(c) (Rev. to 1991) requires that
 [w]ithin forty-five days after mailing of the final decision under section 4-180
or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and CT Page 1906 file the appeal with the clerk at the superior court . . . . Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal.
General Statutes (Rev. to 1991) 4-183(c).
Before the court can conclude whether plaintiff's appeal was timely filed with the Superior Court in compliance with4-183(c), the court must first determine the date of mailing of the FOIC's final decision or, if there is no mailing, the date of personal delivery of the final decision. In the absence of evidence in the record as to either of the above dates, the case of Royce v. FOIC, 177 Conn. 584, 418 A.2d 939
(1979) becomes pertinent.
In Royce, supra, the Supreme Court discussed the time requirements of General Statutes (Rev. to 1989) 4-183(b), effective prior to July 1, 1989, which was the precursor to4-183(c), effective after July 1, 1989. Section 4-183(b) provided, in pertinent part, that proceedings for an FOIC appeal "shall be instituted by filing a petition in superior court . . . within forty-five days after mailing of the notice of final decision of the agency . . . ." (Emphasis added). General Statutes (Rev. to 1989) 4-183(b) (effective prior to July 1, Id., 48. The Appellate Court concluded that plaintiffs had neither timely served the defendant nor timely filed their appeal under 4-183(b), and that each of these deficiencies deprived the trial court of subject matter jurisdiction. Id., 48-49. The Appellate Court affirmed the trial court's dismissal. Id., 49. It should be noted that the Appellate Court specifically declined to construe 4-183(c)'s comparable time limitations for administrative appeals. Id., 49.
This court finds, as the trial court in Scinto found, that the time requirements of 4-183(c), which are applicable to the present appeal, are equally mandatory and jurisdictional. See Citizens Against Pollution Northwest, supra, 152; Royce v. FOIC, supra, 587; Scinto, supra, 48. The plain language of 4-183(c) mandates this interpretation: "Within forty-five days after mailing of the final decision . . . or . . . after personal delivery . . . a person appealing . . . shall CT Page 1907 serve a copy of the appeal on the agency . . . and file the appeal with the clerk at the superior court . . . ." (Emphasis added). General Statutes (Rev. to 1991) 4-183(c). "`Where the words of a statute are clear, the task of a reviewing court is merely to apply the directive of the legislature . . .'" Kelemen v. Rimrock Corporation, 207 Conn. 599, 607,542 A.2d 720 (1988), quoting Verrastro v. Sivertsen, 188 Conn. 213,220, 448 A.2d 1344 (1982); see also Cilley v. Lamphere,206 Conn. 6, 9, 535 A.2d 1305 (1988).
In the case at bar, the plaintiffs served a copy of their appeal on the FOIC on June 1, 1990, which is within forty-five days after the presumed April 17, 1990 date of mailing of the final decision. (See Sheriff's Return). However, the plaintiffs did not file their appeal with the clerk of the Hartford Superior Court until June 4, 1990, which is more than forty-five days after April 17, 1990. (See Sheriff's Return and court stamp). Therefore, plaintiffs' appeal was not timely filed with the Superior Court under General Statutes (Rev. to 1991) 4-183(c).
CONCLUSION
Plaintiffs' failure to comply with the time limitations of 4-183(c) necessarily deprives the court of subject matter jurisdiction. Accordingly, the court, sua sponte, dismisses the appeal of plaintiffs Officer Champion and the Hartford Police Union for lack of subject matter jurisdiction.
STEINBERG, J.
ENDNOTES