[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 12710
The plaintiff Kevin Hackett appeals from the dismissal of his complaint before the defendant the Commission on Human Rights and Opportunities (CHRO). The plaintiff's complaint before the CHRO claimed violations by Waterbury First Church Housing (d/b/a Robin Ridge Apartments) of Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (42 U, S, C, A, § 3600). The plaintiff's CHRO complaint was filed on December 16, 1993, and CHRO appointed an investigator pursuant to Chapter 814c of the General Statutes to investigate the allegations in the plaintiff's complaint. On March 9, 1994, the CHRO sent to the plaintiff a notice that his complaint had been dismissed for lack of sufficient evidence
According to the plaintiff, a request for reconsideration dated March 12, 1994 was filed on March 17, 1994. However, the CHRO denies that it received the March 17, 1994 correspondence from the plaintiff. The only document that the CHRO asserts it received from the plaintiff was a letter of April 8, 1994, which offered additional evidence and several times referenced a "March 12, 1994 request for reconsideration." The defendant considered the April 8, 1994, correspondence to be a request for reconsideration, and denied it as untimely. Notice of the denial of reconsideration was mailed on July 11, 1994. This July 11, 1994 letter indicates that "[t]his denial of reconsideration is the Commission's final decision on your complaint." (Defendant's Exhibit C in support of the Motion to Dismiss.) The plaintiff filed an appeal to the Superior Court on August 24, 1994, within 45 days of the July 11, 1994 final decision.
CHRO now moves to dismiss the plaintiff's appeal for lack of subject matter jurisdiction. CHRO argues that the plaintiff's appeal was not filed within 45 days of the March 9, 1994 dismissal and, therefore, the appeal was not filed in accordance with the time constraints imposed by General Statutes § 4-183.
"Ordinarily a challenge to the court's jurisdiction is raised by filing a motion to dismiss." Park City Hospital v.Commission on Hospitals and Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989).
 "`A statutory right to appeal may be taken advantage of only by strict compliance with the statutory CT Page 12711 provisions by which it is created.'" Chestnut Realty, Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 356, 514 A.2d 749 (1986); Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 6, 363 A.2d 1386 (1975). Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. Basilicato v. Department of Public Utility Control, 197 Conn. 320, 322, 497 A.2d 48 (1985); Royce v. Freedom of Information Commission, 177 Conn. 584, 587, 418 A.2d 939 (1979).
Vernon Village, Inc. v. Carothers, 217 Conn. 130, 142,585 A.2d 76 (1991).
A party may appeal from the decision of a CHRO hearing officer pursuant to General Statutes § 46a-94a. General Statutes § 46a-94a provides that "any complainant . . . aggrieved by the dismissal of his complaint may appeal therefrom in accordance with section 4-183." Pursuant to General Statutes § 4-183(c), "[w]ithin forty-five days after the mailing of the final decision under section 4-180 . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision . . ." General Statutes § 46a-86(e) provides
 [i]f, upon all the evidence, the presiding officer finds that the respondent has not engaged in any alleged discriminatory practice, the presiding officer shall state his findings of fact and shall issue and file with the commission and cause to be served on the respondent an order dismissing the complaint.
General Statutes § 46a-83(c) provides that
 [i]f the investigator issues a finding of no reasonable cause, the complainant may request reconsideration of such finding with the commission not later than fifteen days from the issuance of such finding. The commission shall reconsider or reject within ninety days of the issuance of such finding [of no reasonable cause].
In the present case, the denial of the request for reconsideration was mailed on July 11, 1994. As indicated above, the July 11, 1994 notice dictated that "[t]his denial of CT Page 12712 reconsideration is the commission's final decision on yourcomplaint. Denial may be appealed by filing a petition in the Connecticut Superior Court . . . within forty-five (45) days after the mailing of this letter." (Emphasis added.) ((Defendant's Exhibit C.) However, the CHRO now argues that its final decision was issued on March 9, 1994, because it allegedly never received a timely request for reconsideration. Regardless of whether the March 17, 1994, request for reconsideration was received by the CHRO, the CHRO did send what was purported to be notice of the final decision on the plaintiff's complaint on July 11, 1994. In addition, the agency entertained the allegedly untimely request for reconsideration and as CHRO itself noted in the July 11, 1994 notice its denial of that request was the final decision on the plaintiff's complaint, not the March 9, 1994 dismissal.[1]
The issue of whether the request for reconsideration was timely filed in accordance with General Statutes § 46a-83(c) does not affect the jurisdiction of this court to hear the appeal from the CHRO's final decision, because § 46a-83(c) does not provide for a statutory appeal from the dismissal of a CHRO complaint. As noted above, General Statutes § 46a-94a provides for the statutory right of appeal and, therefore, noncompliance with this section would deprive the court of subject matter jurisdiction. See Vernon Village v. Carothers, supra,217 Conn. 142 (proper statutory appeal from administrative decision requires strict compliance with statutory provision providing for appeal; failure to comply with provisions would deny court subject matter jurisdiction to hear the appeal). Although noncompliance with General Statutes § 46a-83(c) may be a valid ground for the defendant to deny the request for reconsideration and dismiss the plaintiff's complaint before it, such noncompliance is not a ground for the court to dismiss an appeal filed in accordance with General Statutes § 46a-94a and General Statutes § 4-183.
Accordingly, the defendant's motion to dismiss is denied.
WILLIAM J. SULLIVAN, J.