[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an statutory appeal filed pursuant to C.G.S. § 31-249b. The claimant appeals from a denial of unemployment compensation benefits. The claimant was found ineligible by the Administrator, and a timely appeal was filed to an Appeals Referee. At that denovo hearing, the Referee found that the claimant had voluntarily left his job for insufficient job-connected cause. The claimant thereafter appealed to the Board of Review and the earlier findings were adopted and affirmed. Thereafter, the claimant filed this CT Page 4829 appeal.
The defendant Administrator claims that the instant appeal is filed late and that the claimant failed to sustain his burden of proof that there was good cause for failing to file a timely appeal. The claimant concedes that his appeal was filed in an untimely manner, but counters that he was moving, and securing new employment, and that he was unable to comply with the filing deadline.
The regulations, Sec. 31-237g-49, require the Board, and by regulation, the court, to consider whether or not the party was represented by counsel, the demonstration of diligence with respect to prior dealings with the Board, whether there was timely notice, any administrative error, physical or mental impairment, whether there was filed a motion to reopen, whether there was substantial prejudice, coercion or intimidation, or any other good faith error.
The facts recited by the record indicate a decision filed on December 15, 1992, which stated that an appeal would have to be filed by January 14, 1993. Record Item #12. The claimant contends by judicial admission that his priority during the months of December of 1992 and January of 1993 was to find a job. He contends that his residence at a local YMCA, the need to store his tools in a nearby town, a new job and the holidays prevented him from filing in a timely manner. His appeal, dated January 19, 1993, was filed stamped on January 21, 1993. The court finds that the late filing was in violation of the regulations, and that the facts presented do not constitute good cause.
The court finds that the claimant had adhered to schedules for filings in the past, and that his appearance pro se did not impeded his ability to meet the expectations for filing. The format of his appeal was not complex, nor did it require research or difficult writing. The appeal was a simple statement, with the case name and number, indicating his desire to appeal to the Superior Court. Thereafter, the appeal was filed by the Board. The appearance of the claimant was filed on October 14, 1994. The claimant does not claim any physical or mental impairment, and while there may not be actual prejudice to the defendant, any factors which occasioned his delay were certainly within his sole control.
The law is well-settled that failure to adhere to the specific mandates of the statute deprive this court of subject matter jurisdiction. Simko v. Zoning Board of Appeals, 205 Conn. 413, 419
CT Page 4830 (1987); Rogers v. Commission on Human Rights and Opportunities,195 Conn. 543, 550 (1985); Royce v. Freedom of Information Commission,177 Conn. 584, 587 (1979). The failure of the claimant to file the appeal in a timely manner prescribed by the statute deprives the court of the power to decided the issues framed.
The defendant argues in the alternative that even if there is good cause for late filing found, which is not, the decision below by the Board of Review is neither arbitrary, unreasonable, or illegal. The claimant is clearly aggrieved, and the argument he puts forth in his appeal ask for yet another factual determination. The function of the Superior Court in reviewing an unemployment compensation appeal is to review the record of the Board, and determine if their decision is sustainable. The Superior Court is not to supplant its judgment for that of the reviewing board.United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385
(1988); Finkenstein v. Administrator, 192 Conn. 104, 112 (1984).
Despite the court's finding that it lacks jurisdiction, the court will find, in light of the fact that the claimant is unrepresented herein, that the action of the Board as described in the record cannot be found to be arbitrary, unreasonable, or illegal.
The appeal is dismissed, and judgment shall enter accordingly.
DRANGINIS, J.