[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE #102
The plaintiff appeals from the decision of the Commissioner of the Department of Social Services denying her application on behalf CT Page 10740 of her husband for medicaid benefits. The decision was rendered on March 6, 1995, and mailed via certified mail on the same date. Process was served on the defendant on April 20, 1995. The action was filed in the Superior Court on May 9, 1995.
The defendant moves to dismiss the appeal for lack of subject matter jurisdiction; Practice Book § 145; on the ground that the plaintiff failed to file the appeal within forty-five days following the mailing of the agency's final decision. Thus, the defendant contends that the appeal is untimely under General Statutes § 4-183(c).
Section 4-183 (c) provides in pertinent part that:
 Within forty-five days after mailing of the final decision under section 4-180 . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court . . . for the judicial district wherein the person appealing resides . . . .
Statutory provisions limiting the time within which to take an administrative appeal are mandatory, and unless complied with, render an appeal subject to dismissal. Royce v. Freedom ofInformation Commission, 177 Conn. 584, 587, 418 A.2d 939 (1979).
Section 4-183 (c) establishes a two-step procedure for perfecting an administrative appeal. The plaintiff must serve the petition upon the agency and file the appeal in the superior court within forty-five days after the mailing of the final decision.Glastonbury Volunteer Ambulance Assn. v. FOIC, 227 Conn. 848, 852,633 A.2d 305 (1993). The failure of a party to file the administrative appeal within the forty-five day period provided in § 4-183(c) deprives the court of subject matter jurisdiction over the appeal. Commission on Human Rights Opportunities v. WindsorHall Rest Home, 232 Conn. 181, 187, ___ A.2d ___ (1995).
In the present case, the plaintiff served the petition within the forty-five day period. However, the plaintiff did not file the petition in the superior court until May 9, 1995, approximately sixty-four days after the mailing of the final decision. Because the plaintiff's appeal was not timely filed, the court lacks subject matter jurisdiction to hear the appeal. Accordingly, the CT Page 10741 defendant's motion to dismiss is granted.
FORD, JUDGE