[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 14456
The plaintiff City of Hartford Fire Department ("City") appeals from the administrative order of the defendant Commission on Human Rights and Opportunities ("CHRO") to employ and pay back wages and attorney's fees to defendant David Pribyson ("complainant"), who was denied a position as a fire fighter in 1987 for medical reasons.
The CHRO has claimed as a special defense that this court lacks subject matter jurisdiction because this appeal was served on the CHRO beyond the time limit imposed by the provisions of Connecticut General Statutes § 4-183 that apply to administrative proceedings commenced before 1988.
The facts bearing on this jurisdictional issue are not in dispute. The complainant filed his administrative complaint in 1987. The parties agree that in May 1994 the hearing officer issued a partial order and that he amended that order and sent a copy of the final amended order to each party's counsel or representative on December 14, 1994. (Record 2 at 4). This order was mailed to the parties again with a cover letter from the CHRO's Public Hearing Administrator explaining that the final decision was enclosed. The City received the latter mailing on December 29, 1994. The City both served and filed its appeal on January 24, 1995.
The City's position is that the operative date for purposes of triggering the appeal period was not the date of the mailing of the ruling by the hearing officer but December 29, 1994, the date of the City's receipt of another copy of that ruling, which was accompanied by a cover letter signed by the CHRO's Hearing Administrator.
A court must fully resolve jurisdictional issues before considering the merits of an appeal. Castro v. Viera,207 Conn. 420, 429 (1988).
The failure of an appellant to comply with all provisions concerning the bringing of an appeal from an administrative decision deprives the court of jurisdiction. Glastonbury VolunteerAmbulance Ass'n. Inc. v. Freedom of Information Commission,227 Conn. 848, 852 (1993); Rogers v Commission on Human Rights andOpportunities, 195 Conn. 543, 550 (1985). CT Page 14457
An administrative appeal is not timely unless it is both filed and served in accordance with the time limits set forth in the statute authorizing the appeal. Raines v. Freedom of InformationCommission, 221 Conn. 482, 490 (1992); Glastonbury VolunteerAmbulance Ass'n. Inc. v. Folic, 227 Conn. 852-53. The requirement of timely service, as a requirement distinct from timely filing, has been enforced by the Supreme Court. See Basilicato v.Department of Public Utility Control, 197 Conn. 320, 324 (1985);Royce v. Freedom of Information Commission, 177 Conn. 584 (1979).
Because the administrative complaint at issue was filed in 1987, this case is governed by the provisions of the Uniform Administrative Procedure Act, and, specifically, the provisions of General Statutes § 4-183, as they existed before the amendment enacted as P.A. 88-317. At section 107, P.A. § 88-317 provided that the amendments contained in that public act would be applicable to all agency proceedings commenced on or after July 1, 1989. Miko v. Commission on Human Rights and Opportunities,220 Conn. 192, 196 n. 3 (1991). Accordingly, appeals from administrative proceedings commenced before that date are governed by the requirements of § 4-183 that were in effect before the enactment of P.A. § 88-317.
The pre-amendment time requirements for filing and serving an administrative appeal were as follows:
 § 183(b) Proceedings for such appeal shall be instituted by filing a petition in Superior Court . . . within forty-five days after mailing of the notice of the final decision of the agency, or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon the agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney CT Page 14458 general in Hartford. [emphasis supplied].
The City's appeal was timely pursuant to General Statutes § 4-183
(b) (1987) if it was served on the agency within thirty days of the "mailing of the notice of the final decision of the agency" and if it was filed in court within forty-five days of that date. The City makes no claim that rehearing was ever requested. It appears that filing of the appeal was timely whether December 14 or December 29 was the triggering date. Service of the appeal on January 24, 1995 was not timely if December 14 was the date of mailing of notice of the final decision of the agency, within the meaning of General Statutes § 4-183(b) (1987).
Prior to the 1988 amendments to the UAPA, General Statutes §4-180(c) required only that the final decision in a contested case "shall be in writing or stated in the record." Section 4-180(c) provides that "[p]arties shall be notified either personally or by mail of any decision or order. Upon request a copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record."
This court finds that the mailing of the text of the amended final decision by the hearing officer on December 14, 1994 constituted notice of the final decision pursuant to § 4-180(c).
While the CHRO has enacted a regulation imposing further requirements as to the form and contents of a final decision, see Regulations § 46a-54-109a, this regulation post-dates the 1988 amendment to the UAPA and is not applicable to this proceeding, which was commenced before the 1988 amendment.
The City has cited no legal authority to support its position that the mailing of the complete text of the final administrative decision signed by the hearing officer, was insufficient or should not be given effect. It appears likely that the City merely assumed that it had forty-five days for both service and filing, failing to recognize that the 1988 amendments to the UAPA did not apply to this 1987 proceeding.
Because the hearing officer issued a final order of the administrative agency in compliance with the pre-1988 provisions of General Statutes § 4-180(c), the date of mailing of that order is the date from which the statutory time period for service of the appeal is calculated. Commission on Human Rights and Opportunitiesv. Windsor Hall Rest Home, 232 Conn. 181 (1995). CT Page 14459
The City failed to serve the appeal on the CHRO or the complainant within thirty days of December 14, 1994. Accordingly, the City has failed to comply strictly with all provisions of the statute authorizing appeal, and this court therefore lacks jurisdiction.
The appeal is dismissed.
Beverly J. Hodgson Judge of the Superior Court